ROBERTSON, Presiding Judge.
Geer Brothers, Inc. (Geer), filed a complaint and an amended complaint against Brenda Skelton in which Geer claimed that Skelton owed it $4,826 plus interest for supplies, installations, and repairs completed on Skelton’s mobile home. Skelton denied that she owed Geer $4,826 and filed a counterclaim in which she alleged that she entered into a contract with Geer, whereby Geer agreed to construct a 12 x 60 foot structure as an addition to her mobile home for $15,-000; that she paid Geer $17,300; that Geer impliedly agreed to build the structure in a workmanlike manner; and that Geer breached the contract when it failed to use methods of construction and material required for a sound and safe structure.
After conducting an ore tenus proceeding, the trial court entered a judgment in favor of Geer in the amount of $1,529.05 and further held:
“Judgment is rendered in favor of the defendant Brenda Skelton and against Geer Brothers, Inc. on the counterclaim. The issue of damages on the counterclaim is reserved, since there was no evidence on which to base an assessment of damages. Therefore, additional evidence will be tak *183 en on the issue of damages at a date to be determined.”
Geer filed an objection to any further hearing and asserted essentially that, pursuant to § 6-8-103, Code 1975, the trial court did not have the authority to “reopen” the case and take additional testimony.
The trial court overruled Geer’s objection, took additional testimony, and entered an amended judgment in which it awarded Skel-ton $6,836.07 on her counterclaim.
The sole issue before this court on appeal is whether the trial court erred when it denied Geer’s objection to a further eviden-tiary hearing.
At the outset, we note that the original judgment entered by the trial court was not a final judgment, because the trial court reserved its determination on the issue of damages suffered by Skelton. Consequently, we do not view what the trial court did as “reopening” the case. In Eagerton v. Courtaulds North America, Inc., 421 So.2d 104 (Ala.1982), the trial court requested the assistance of the parties in drafting its order after the conclusion of closing arguments. The trial court subsequently accepted additional evidence. It was contended on appeal that the. trial court acted contrary to § 6-8-103, Code 1975, by “reopening” the case and accepting additional testimony after the parties had made their closing arguments. Our supreme court held:
“We fail to view this additional hearing as one that ‘reopened’ the ease.... To hold, as the [appellant] suggests, ... would effectively restrict the permissible range of judicial discretion and seriously retard legitimate efforts to fully and fairly adjudicate a controversy.”
Eagerton at 108.
In this case, we find that the trial court did not “reopen” the case when it received additional testimony on the issue of damages suffered by Skelton. The trial court specifically reserved its ruling on this issue and reserved the right to take additional testimony.
Consequently, we hold that the trial court did not err when it denied Geer’s objection and received additional testimony on the issue of damages.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.